UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEY RECYCLING, LLC<br><br>      Plaintiff,<br> v.<br><br>APPLIANCE RECYCLING CENTERS OF AMERICA, INC.,<br><br>      Defendant. | Civ. A. No. 18-1656 |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**A.** **Key Fails the "Proximate Cause Test" Because It Is Admittedly the *Transportation* Vendor to Recleim, and the Supposed Misstatements by ARCA Have Nothing to Do with Transportation.**

Recall that the thrust of Key's First Amended Complaint is that ARCA supposedly misrepresented in a 2016 bid proposal to PECO that it was RAD compliant. (FAC ¶¶ 40-41.). Key maintains that any such claim of RAD compliance in 2016 must have been false because ARCA – *two years later, in 2018* – apparently failed to properly dispose of insulation foam from household appliances in a RAD-compliant manner. (*Id.*).[1] Key suggests that non-party Recleim, LLC ("Recleim") would have otherwise won the PECO business, but was undercut by ARCA, who was saving money by cutting corners. (*Id.* ¶¶ 38-39.)

    The fatal problem for Key is that the supposedly false statement by ARCA giving rise to the Lanham Act claim has nothing to do with Key's business. By its own admission, Key is merely a vendor of Recleim providing "transportation, warehousing, and data collection" services. (Key's Brief at p. 6.) To show proximate causation under the Lanham Act, however, a plaintiff "ordinarily must show economic or reputational injury *flowing directly* from the

---

[1] It should be noted that Key fails to respond to the issue raised in Section III.C of ARCA's opening brief, namely that the only *factual allegations* of a supposed false statement in 2016 occurred in 2017 and 2018.

deception wrought by the defendant's advertising." *Frompovicz v. Niagara Bottling, LLC,* 2018 U.S. Dist. LEXIS 87156, at *15 (E.D. Pa., May 24, 2018) (Beetlestone, J.) (italics from original). This occurs "when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1391 (2014).

Here, Key does not and cannot allege that its involvement as a Recleim subcontractor even touches on the subject of ARCA's supposed "deception" to PECO – the removal and destruction of foam insulation from appliances. The closest connection Key can muster is its assertion that "Just as ARCA could not offer a bid without making arrangements with a transportation company to support them, neither could Recleim." (*Id.*) But such an unremarkable proposition is not the test for Lanham Act standing. It would stand to reason that Recleim also could not prepare its bid for the PECO contract (or any contract) without its IT vendor, its payroll company, its insurance broker, or any other necessary service provider. Granting standing to such incidental vendors would dramatically expand the scope of the Lanham Act almost to the point of boundlessness. Proximate causation under the Lanham Act "is generally not made when the deception produces injuries to a fellow commercial actor that in turn affect the plaintiff." *Lexmark,* 134 S. Ct. at 1391. That is precisely what we have here. Key's entire theory is that Recleim should have won the 2016 PECO contract, which would have, in turn, allowed Key to provide transportation services to Recleim.[2]

---

[2] Contrary to Key's suggestions, the cases of *Seven-Up Co. v. Coca-Cola Co.,* 86 F.3d 1379 (5th Cir. 1996) and *Tao of Sys. Integration v. Analytical Servs. & Materials, Inc.,* 299 F. Supp. 2d 565 (E.D. Va. 2004) have almost no similarity to this case. In *Seven-Up,* the allegations were that Coca-Cola used false and misleading promotional statements to convince independent bottlers to cease distributing 7-Up and instead start distributing Sprite, a Coca-Cola product. Both plaintiff and defendant manufactured lemon-lime sodas and were in direct competition. In *Tao,* the plaintiff (Tao) alleged that the defendant (AS&M) misrepresented to NASA that it owned certain intellectual property that actually belonged to Tao, and that as a result, it was awarded a lucrative NASA contract. Here, in contrast to both *Seven-Up* and *Tao,* Key is admittedly a transportation company and the allegedly false statement has nothing to do with Key, Key's services, or even transportation at all. (*See* FAC, generally.)

B.  **The Multi-Factor "Balancing Test" for Lanham Act Standing Was Rejected by the Supreme Court in *Lexmark* and Is, Therefore, Irrelevant.**

In pages 12 through 14 of its opposition papers, Key discusses the "multi-factor balancing test" for Lanham Act standing. This test is irrelevant, as it was rejected by the Supreme Court in *Lexmark*:

> At oral argument, Lexmark agreed that the zone of interests and proximate causation supply the relevant background limitations on suit under § 1125(a). See Tr. Of Oral Arg. 4-5, 11-12, 17-18. But it urges us to adopt, as the optimal formulation of those principles, a multifactor balancing test derived from *Associated General Contractors*. In the alternative, it asks that we adopt a categorical test permitting only direct competitors to sue for false advertising. And although neither party urges adoption of the "reasonable interest" test applied below, several *amici* do so. *While none of those tests is wholly without merit, we decline to adopt any of them. We hold instead that a direct application of the zone-of-interests test and the proximate-cause requirement supplies the relevant limits on who may sue.*

*Lexmark,* 134 S. Ct. at 1391 (emphasis added).

C.  **Key Relies Upon the Wrong Portion of the Discussion from *Frompowicz*.**

On page 15 of its opposition papers, Key argues that this Court's decision in *Frompowicz* supports a finding of Lanham Act standing here. That case involved Lanham Act claims brought by a company called "Far Away Springs," which was engaged in the business of extracting spring water. Far Away Springs brought claims against two distinct sets of defendants. The first defendant was James Land, who was also an extractor and marketer of water. The second set of defendants were companies who only *bottled* Land's water. The crux of the case was that Defendant Land and the Bottler Defendants falsely marketed Land's water as "spring water" instead of "well water." The plaintiff claimed that the false designation of "spring water" hurt his sales.

In addressing the issue of Lanham Act standing, this Court discussed the two sets of defendants distinctly. Since both Far Away Springs and Defendant Land were both extractors of water, the Court held that proximate cause was no obstacle to suit. 2018 U.S. Dist. LEXIS 87156, at **15-16. The block quotations lifted by Key in its opposition papers are from this part of the discussion, which involved direct competitors. (*See* Key's Brief at p. 15.)

Immediately following the selections quoted by Key, however, this Court stated, "The question is more complicated when it comes to the Bottler Defendants who are not in direct competition with Plaintiff. He sells his product to bottlers and then the bottlers sell to consumers. The question is whether this extra step in the chain of causation takes Plaintiff's Lanham Act claim one step beyond viability." *Frompowicz,* 2018 U.S. Dist. LEXIS 87156, at *16. The Court went on to state, "in cases alleging liability based on indirect injuries, more particularized allegations are required." *Id.*

This discussion of standing with regard to the Bottler Defendants is the section of *Frompowicz* Key should have cited. Since Key's connection to the 2016 PECO contract was, by its own admission, only as a subcontractor of Recleim, it is incumbent upon Key to provide particularized allegations showing its claim falls within the "relatively unique set of circumstances where such a claim of indirect injury is viable." *Id.*at *18. As set forth above, Key has not and cannot show the requisite correspondence between the allegedly false statement regarding the disposal and destruction of foam insulation and its provision of transportation services.

Dated:  August 20, 2018          Respectfully submitted,

<u>/s/ Stuart D. Lurie</u>
Stuart D. Lurie
ROSENTHAL LURIE & BROUDY LLC
102 Pickering Way, Suite 310
Exton, PA 19341
(484) 713-4029 – Tel.
(215) 600-1728 – Fax
Stuart@RLBLawGroup.com
*Attorney for Defendant, Appliance Recycling Centers of America, Inc.*

## CERTIFICATE OF SERVICE

I, Stuart D. Lurie, hereby certify that on August 20, 2018, the foregoing Defendant's Reply Brief in Further Support of Motion to Dismiss First Amended Complaint was served via ECF upon the following:

>Kevin F. Berry, Esq.
>O'HAGAN MEYER
>100 N. 18th St., Suite 700
>Philadelphia, PA 19103
>kberry@ohaganmeyer.com
>*Counsel for Plaintiff*

>*/s/ Stuart D. Lurie*
>Stuart D. Lurie